## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HIRAM MCGILL,                                     )
                                                  )
      Plaintiff,                             )       Civil Action No. 22-1548
                                                  )       Magistrate Judge Maureen P. Kelly
      v.                                    )
                                                  )       Re: ECF No. 25
WARDEN HICKS and LT. GAISER,                      )
                                                  )
      Defendants.                            )

## MEMORANDUM OPINION

Plaintiff Hiram McGill ("Plaintiff") filed this *pro se* action arising out of allegations that his Eighth Amendment rights were violated after he suffered a fall at Armstrong County Jail and was housed in a cell for five days with no clothing, running water, soap, tissues, or toilet. ECF No. 11.

Presently before the Court is a Motion to Dismiss filed by Defendants Warden Hicks ("Hicks") and Lt. Gaiser ("Gaiser") (collectively, "Defendants"). ECF No. 25. For the reasons that follow, Defendants' Motion to Dismiss is granted in part and denied in part.[1]

## I.       FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began this action on November 2, 2022 by lodging a Complaint without paying the filing fee or moving for leave to proceed *in forma pauperis*. ECF No. 1. Plaintiff later filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). ECF No. 2. On December 16, 2022, the Court granted Plaintiff's IFP Motion, and his Complaint was filed on the same date. ECF Nos. 11 and 12.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF Nos. 18 and 21.

### A. Plaintiff's Complaint

Plaintiff was a pretrial detainee at Armstrong County Jail.  ECF No. 11 at 4.   In his Complaint, Plaintiff alleges that he slipped on a bar of soap in the shower at Armstrong County Jail and hurt his back.  Id. at 5.  He was transported to the hospital by ambulance and underwent a CT scan.  Id.  After confirming he had not broken any bones, Plaintiff was given pain medication and released from the hospital.[2]  Id.

Upon his return to Armstrong County Jail, Plaintiff alleges that he was stripped naked and placed in a cell for five and a half days that had no running water, soap, or tissues, and no toilet except for a "hole in the floor" covered by a metal grate.  Id. at 5-6.  Although Plaintiff received wipes, they did not sufficiently clean odors or dirt from his hands.  Id. at 5.

Because of the conditions, Plaintiff alleges that he uncomfortably held his bowels for multiple days.  Id.  After he defecated, he was unable to flush the waste and experienced an unpleasant smell for about 7 hours.  Id. at 6.

Plaintiff believes that Defendant Hicks issued the order to place him in this cell.  Id. at 5. When he asked why he was placed in this cell, Defendant Gaiser told him that it was Armstrong County Jail's policy to place all injured inmates under these conditions.  Id. at 6.

Based on these allegations, Plaintiff brings an Eighth Amendment claim against Hicks and Gaiser.  Id. at 11.  As relief, he requests $84,000, and he also requests to be released from jail and that Hicks be fired.[3]

---

[2] Plaintiff also states that he only received Tramadol and a muscle relaxant to treat his back injury and continues to suffer back pain, numbness, and back spasms, and he now walks with a slight limp. ECF No. 11 at 5.  However, he does not allege Defendants were involved in his medical care, and his claims against Defendants only appear to arise out of the conditions of his confinement after his injury.

[3] Plaintiff has since been released from jail.  ECF No. 20.

### B. Motion to Dismiss

On December 15, 2022, Defendants filed this Motion to Dismiss and Brief in Support. ECF Nos. 8 and 9. Plaintiff filed a response in opposition to the Motion to Dismiss, which he titled "Motion to Not Dismiss Plaintiff's Claim." ECF No. 13.[4]

On April 4, 2022, Defendants sought leave to file an amended Motion to Dismiss because counsel had inadvertently relied on documents that were not attached to the Complaint. ECF No. 23. The Court granted Defendants' motion, and an Amended Motion to Dismiss and Brief in Support was filed on April 12, 2023. ECF Nos. 25 and 26.

The Court ordered Plaintiff to file a response to the Amended Motion to Dismiss by May 14, 2023, but he failed to do so. The Court then issued an Order to Show Cause, directing Plaintiff to show good cause by June 12, 2023, why the Motion to Dismiss should not be granted based on Plaintiff's failure to respond. ECF No. 30. To date, he has not filed a response to the Amended Motion to Dismiss or Order to Show Cause.

The Motion to Dismiss is now ripe for consideration.

## II.   LEGAL STANDARD

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must

---

[4] Plaintiff also filed a second "Motion to Not Dismiss" at ECF No. 14, but this document appears to be a duplicate of his filing at ECF No. 13.

3

the Court accept legal conclusions set forth as factual allegations.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

Pro se pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner . . . may be inartfully drawn and should . . . be read 'with a measure of tolerance'"); Freeman v. Department of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (overruled on other

4

grounds); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the court's procedural flexibility: "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a *pro se* litigant, this Court will consider the facts and make inferences where it is appropriate.

## III.   DISCUSSION

### A.   Failure to State a Claim

In support of the Motion to Dismiss, Defendants argue that Plaintiff fails to state a claim upon which relief can be granted. Except for stating his "belief" that Hicks ordered him to be placed in a padded safety cell, Defendants argue, Plaintiff does not plead any allegations specific to either named defendant. Defendants also contend that any claim arising out of Plaintiff's placement in this cell fails because "documents and testimony will clearly show" that his placement was justified. In particular, Defendants contend they have evidence (not presently before the Court) to show that Plaintiff was placed in his cell "for his own safety for attempting to harm himself, due to COVID protocol and after Plaintiff stated he was in pain and unable to walk." ECF No. 26 at 5-6.[5]

Plaintiff's claims arise out of the conditions of his confinement at Armstrong County Jail. As the United States Supreme Court has held, prison officials are required to "provide humane conditions of confinement," and must take "reasonable measures to guarantee the safety of

---

[5] Plaintiff did not file a response to Defendants' Amended Motion to Dismiss. In his response to the original Motion to Dismiss, however, Plaintiff disputes that he tried to injure himself and states that Hicks ordered Gaiser to place him in this cell. ECF No. 13 at 1-2.

inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "For prisoners incarcerated following a conviction, the government's obligation arises out of the Eighth Amendment's prohibition on cruel and unusual punishment." Cameron v. Bouchard, 815 F. App'x 978, 984 (6th Cir. 2020); see also Murray v. Keen, 763 F. App'x 253, 255 (3d Cir. 2019). When a pretrial detainee is challenging the conditions of his confinement, however, the claim arises instead under the Due Process Clause of the Fourteenth Amendment. See E.D. v. Sharkey, 928 F.3d 299, 307 (3d Cir. 2019) (citing Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008)).

In this case, Plaintiff pleads his claim under the Eighth Amendment. Because he challenges the conditions of his confinement as a pretrial detainee in a county prison, however, his claim solely arises under the Fourteenth Amendment. Accordingly, the Court considers Plaintiff's claim under the Fourteenth Amendment.

"'[T]he Due Process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner,' and so the Eighth Amendment sets the floor for the standard applicable to pre-trial detainees' claims." Collins v. Monmouth Cnty. Corr. Inst., No. CV 21-11490, 2021 WL 5827696, at *2 (D.N.J. Dec. 8, 2021) (quoting Reynolds v. Wagner, 128 F.3d 166, 173 (3d Cir. 1997)) (internal citations omitted). "Under the Eighth Amendment, administrative confinement in a dry cell, though unpleasant and often unsanitary, is constitutional 'so long as the conditions of that confinement are not foul or inhuman, and are supported by some penological justification.'" Id. (citing Thomas v. Tice, 948 F.3d 133, 138-39 (3d Cir. 2020)).

### 1. Hicks

Upon review, Plaintiff pleads a viable claim under the Fourteenth Amendment against Hicks. Plaintiff alleges that Hicks issued the order to place him in a cell without any clothes,

running water, soap, tissues, or toilet. As pleaded, this decision arguably lacked any legitimate penological justification, as it was allegedly based on a blanket policy to house all injured inmates under these conditions.

Although Defendants refer the Court to "documents and testimony" that will purportedly show a legitimate penological justification for Plaintiff's conditions of confinement, any such evidence is simply not before the Court for consideration at this stage of the litigation. Accordingly, the Court denies the Motion to Dismiss against Hicks.

### 2. Gaiser

As for Gaiser, however, Plaintiff fails to state a claim because he does not plead facts showing Gaiser's personal involvement in any underlying wrong. In a civil rights claim, as here, individual government defendants must have personal involvement in the alleged wrongdoing. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). In his Complaint, Plaintiff only claims that he asked Gaiser about the reasons for this placement, but there are no allegations that Gaiser was involved with his placement. Accordingly, the Court grants the Motion to Dismiss as to Plaintiff's claim against Gaiser.

### B. Qualified Immunity

Defendants also contend that Plaintiff's claims should be dismissed based on qualified immunity. In support, Defendants argue that Plaintiff has not alleged any violation of his constitutional rights, and, at best, their actions amounted to negligence. Even if Plaintiff's rights were violated, however, Defendants vaguely argue that "such [violations] were done within the normal activities and followed all protocol on the grievance process." ECF No. 26 at 6-7.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). There is a two-step inquiry into whether qualified immunity applies: (1) whether the official's conduct violated a constitutional or federal right; and (2) whether the right at issue was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001), *abrogated in part by* Pearson v. Callahan, 555 U.S. 223 (2009).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). It is intended to shield officers who make "reasonable but mistaken judgments about open legal questions" and "it protects 'all but the plainly incompetent or those who knowingly violate the law.'" Id. at 743 (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). The ultimate question is whether the state of the law when the offense occurred gave Defendants "fair warning" that their acts were unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (2002).

As noted above, Plaintiff states a viable constitutional claim against Hicks based on the conditions of his confinement.[6] There is no question that the constitutional right at issue was clearly established. Thus, because Plaintiff has pleaded the violation of a clearly established constitutional right, the Court denies the Motion to Dismiss Plaintiff's claims against Hicks based on qualified immunity.

### C. Specific Unliquidated Damages

Finally, Defendants ask the Court to strike Plaintiff's demand for $84,000 in monetary damages from his Complaint. As Defendants point out, Local Civil Rule 8 states that "[n]o party

---

[6] Because the Court finds that Plaintiff fails to state a claim against Gaiser, it only considers the defense of qualified immunity as to Hicks.

shall set forth in a pleading originally filed with this Court a specific dollar amount of unliquidated damages" unless required by any statute, rule, or regulation to state a claim for relief or to establish jurisdiction.

Upon review, the Court notes that Plaintiff has filed his complaint using the form complaint for *pro se* civil rights actions filed by incarcerated individuals, as required under Local Civil Rule 10.[7] Under the section for "relief," the form directs that if "[i]f requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged." ECF No. 11 at 5. Considering Plaintiff's *pro se* status and his apparent effort to comply with this express instruction on the form, together with the lack of any claimed prejudice to Defendants, the Court declines to exercise its discretion to strike the dollar amount listed in Plaintiff's Complaint. See Tonka Corp. v. Rose Art Indus., Inc., 836 F. Supp. 200, 217 (D.N.J. 1993) (courts have "considerable discretion" to resolve motions to strike under Rule 12(f)).

## IV.    CONCLUSION

For these reasons, the Court grants in part and denies in part Defendants' Motion to Dismiss, ECF No. 25. Defendants' Motion to Dismiss is granted only as to Plaintiff's claim against Defendant Gaiser, and it is denied as to all other requested relief.

"If a complaint is vulnerable to Rule 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cty of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Because the Court cannot say that Plaintiff would

---

[7] Plaintiff used the Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner) form.

be unable to plead any viable claim against Gaiser, Plaintiff will be granted leave to amend to the extent he can cure the deficiencies identified herein.

The Court will enter an appropriate Order to follow.

Dated: July 26, 2023                                          BY THE COURT,


                                                             MAUREEN P. KELLY
                                                             UNITED STATES MAGISTRATE JUDGE