IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIRAM MCGILL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 22-1548 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| WARDEN HICKS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION[1]

**Kelly, Magistrate Judge**

Plaintiff Hiram McGill ("Plaintiff") filed this *pro se* action arising out of allegations that his Eighth Amendment rights were violated after he suffered a fall at Armstrong County Jail and was housed in a cell for five days with no clothing, running water, soap, tissues, or toilet. ECF No. 11. He named Warden Hicks and Lt. Gaiser ("Defendants") as Defendants in his Complaint, which was filed on December 16, 2022.[2] Id. Subsequently, both Defendants filed an Amended Motion to Dismiss; this Court granted the motion as to Lt. Gaiser and denied it as to Warden Hicks on July 26, 2023. ECF Nos. 25, 26, and 31. Warden Hicks is the sole remaining Defendant in this action.

On September 14, 2023, this Court issued a Case Management Order directing Plaintiff to file a Pretrial Statement by January 12, 2024. ECF No. 35. Plaintiff did not file a Pretrial Statement

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. ECF Nos. 18 and 21.

[2] Plaintiff began this action on November 2, 2022 by lodging a Complaint without paying the filing fee or moving for leave to proceed *in forma pauperis*. ECF No. 1. Plaintiff later filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). ECF No. 2. On December 16, 2022, the Court granted Plaintiff's IFP Motion, and his Complaint was filed on the same date. ECF Nos. 11 and 12.

in accordance with this Order. Subsequently, on January 19, 2024, this Court issued an Order to Show Cause directing Plaintiff to show good cause on or before February 9, 2024 as to why this case should not be dismissed for his failure to file a timely Pretrial Statement. ECF No. 38. To date, Plaintiff has failed to respond, nor has he given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party, the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors indicates that the instant action should be dismissed.

Factor Nos. 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's order to submit a Pretrial Statement so that the case could proceed, which weighs heavily against him. As a *pro se* litigant, Plaintiff's failures to respond the initial Case Management Order and the subsequent Order to Show Cause were solely his personal responsibility.

Moreover, this failure to file a Pretrial Statement is not the first time Plaintiff has declined to engaged in the litigation. Previously, Plaintiff did not to respond to Defendants' Amended

2

Motion to Dismiss,[3] which was filed on April 12, 2023, and this Court issued an Order to Show Cause regarding his lack of response on May 22, 2023. ECF Nos. 25, 26, and 30. Yet, Plaintiff still failed to respond to Defendants' Motion to Dismiss. Defendant also filed a Motion in Limine on January 18, 2024, to which Plaintiff has not responded. ECF No. 36. In that Motion, Defendant alleged that Plaintiff failed to answer the written discovery propounded by Defendant on November 1, 2023, and that "counsel for Defendant has not received any oral or written communications from Plaintiff at any point during the course of this litigation." Id. This ongoing failure to participate in the litigation he initiated, even after this Court issued two separate Orders to Show Cause, appears willful and constitutes a history of dilatoriness.

The second factor – the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders – weighs in favor of dismissal. Defendant experiences great prejudice as a result of Plaintiff's failure to submit a pretrial statement, as he cannot appropriately prepare for trial. See, e.g., New-Howard v. JP Morgan Chase Bank, NA, 660 F. App'x 144, 148 (3d Cir. 2016).

Factor No. 6 – the meritoriousness of the claim – will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff is proceeding with this action *in forma pauperis*, it does not appear that monetary

---

[3] On December 15, 2022, Defendants filed a Motion to Dismiss and Brief in Support. ECF Nos. 8 and 9. Plaintiff filed a response in opposition to the Motion to Dismiss, which he titled "Motion to Not Dismiss Plaintiff's Claim." ECF No. 13.

On April 4, 2022, Defendants sought leave to file an amended Motion to Dismiss, because counsel had inadvertently relied on documents that were not attached to the Complaint. ECF No. 23. The Court granted Defendants' motion, and an Amended Motion to Dismiss and Brief in Support was filed on April 12, 2023. ECF Nos. 25 and 26.

The Court ordered Plaintiff to file a response to the Amended Motion to Dismiss by May 14, 2023, but he failed to do so.

3

sanctions are an effective alternative, as Plaintiff would not have the funds to satisfy an order for sanctions. ECF 10. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). Further, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, suggests that Plaintiff has no serious interest in pursuing this case and has abandoned this case. Dismissal, therefore, is the most appropriate action for this Court to take. Mindek, 964 F.2d at 1373.

AND NOW, this 12th day of March 2024, IT IS HEREBY ORDERED that the Complaint filed in the above-captioned case is DISMISSED with prejudice for failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

MAUREEN P. KELLY
United States Magistrate Judge

cc:   HIRAM MCGILL
      690 Main Street
      St. Petersburg, PA 16054

      All counsel of record via CM/ECF